UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAY R. SHACKELFORD,  )<br>  )<br>       Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>CALIFORNIA DEPARTMENT OF  )<br>  CORRECTIONS, et al.,  )<br>  )<br>       Defendants.  )<br>_____ ) | CV F- 04- 5760 OWW DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, originally filed in the Sacramento Division of this Court.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2       In the instant case, plaintiff brings action against the California Department of Corrections
3  ("CDC"); Sierra Conservation Center and Correctional Officer J. Bick.  Plaintiff alleges that he
4  attempted to violate a CDC Rule of Conduct but before he could, he was approached by Officer Bick
5  who told him he would give him three options: receive a CDC violation, do 150 pushups, or do 50
6  pushups with his boxers halfway down.  Plaintiff refused.

7       Plaintiff's allegations fail to state a cognizable claim for relief for violation of his
8  constitutional rights.  While the alleged statements are disturbing, mere verbal harassment or abuse
9  is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v.
10 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Plaintiff does not indicate whether he actually violated
11 the Rule of Conduct nor does he describe any subsequent action on the part defendant Bick that may
12 raise constitutional concerns.  Without more, the statements allegedly made, cannot form the basis of
13 a constitutional violation.

14      Moreover, plaintiff cannot sustain an action against the CDC or a state prison.  The Eleventh
15 Amendment prohibits federal courts from hearing suits brought against an unconsenting state.
16 Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted);
17 see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct
18 Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939
19 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as
20 those where the state itself is named as a defendant.  See Natural Resources Defense Council v.
21 California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v.
22 List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state
23 agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College
24 Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the Sierra Conservation Center is a part of the
25 California Department of Corrections, which is a state agency, both it and CDC are entitled to
26 Eleventh Amendment immunity from suit.

27      In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
28

1 will grant plaintiff one additional opportunity to amend to cure the deficiencies of this complaint as
2 discussed in this order.  Failure to cure the deficiencies will result in dismissal of this action without
3 leave to amend.

4 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
5 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
6 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
7 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
8 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
9 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
10 588 F.2d 740, 743 (9th Cir. 1978).

11 In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
12 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading.  This is because, as a
14 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
15 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
16 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
17 each claim and the involvement of each defendant must be sufficiently alleged.

18 In accordance with the above, IT IS HEREBY ORDERED that:

19     1.  Plaintiff's complaint is dismissed; and

20     2.  Plaintiff is granted thirty days from the date of service of this order to file an
21 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
22 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
23 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
24 and two copies of the amended complaint; failure to file an amended complaint in accordance with
25 this order will result in dismissal of this action.

26 IT IS SO ORDERED.

27 Dated:   October 3, 2006                                        /s/ Dennis L. Beck

28

1  3c0hj8                              UNITED STATES MAGISTRATE JUDGE